UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ATHENA BACHTEL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:11CV69 JCH |
| ) | |
| TASER INTERNATIONAL, INC., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Taser International, Inc.'s Motion to Strike Plaintiff's Proposed Expert Report of Robert J. Myerburg ("Motion to Strike"), filed on August 30, 2012. (ECF No. 37). This motion is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Athena Bachtel ("Plaintiff") filed this wrongful death action in the Circuit Court of Randolph County, Missouri, on August 19, 2011. (See Complaint, ECF No. 7). Plaintiff alleges her decedent, Stanley Harlan, died as a result of being electrocuted with a Taser X26 conducted energy device. (Id., ¶ 1). Plaintiff asserts Defendant Taser International, Inc. ("Defendant") designed, manufactured, marketed, and distributed the device. (Id.). Plaintiff's Complaint contains four counts: Count I, strict liability - design defect; Count II, strict liability - failure to warn; Count III, negligent design defect; and Count IV, negligent failure to warn. (Id., pp. 5-9). Defendant removed this action to this Court on September 28, 2011, on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1, ¶ 4).

On November 29, 2011, the Court entered a Case Management Order ("CMO") requiring Plaintiff to "disclose all expert witnesses and...provide the reports required by Rule 26(a)(2),

Fed.R.Civ.P., no later than **June 15, 2012**...."  (ECF No. 17, ¶ 3(b)).  The CMO also required that Plaintiff "make expert witnesses available for depositions, and have depositions completed, no later than **August 15, 2012**."  (Id.).

On June 15, 2012, Plaintiff disclosed Dr. J.C. Poindexter, an economist, and Douglas P. Zipes, M.D., a cardiac electrophysiologist, as experts.  (Memorandum of Law in Support of Taser International, Inc.'s Motion to Strike Plaintiff's Proposed Expert Report of Robert J. Myerburg ("Memo in Support"), ECF No. 38, p. 2).  The depositions of Dr. Poindexter and Dr. Zipes were taken on July 24, 2012, and August 9, 2012, respectively.  (Id.).

On August 15, 2012, Plaintiff provided Defendant with the "rebuttal" expert report of Ronald J. Myerburg, M.D., a cardiac electrophysiologist.  (Id.).  As indicated above, Defendant filed its Motion to Strike on August 30, 2012, arguing that Dr. Myerburg's report is untimely, is not a "rebuttal" report, and does not contain admissible expert opinions under the Federal Rules of Evidence.

**DISCUSSION**

Defendant argues that Dr. Myerburg's report should be stricken for three reasons: first, because it was disclosed two months after the expert disclosure deadline mandated by the CMO; second, because it is not a proper "rebuttal" report; and third, because Dr. Myerburg's opinions are not the product of "reliable principles and methods."  Since the Court finds Dr. Myerburg's report is untimely, the Court need not address Defendant's second and third arguments.

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure provides as follows:

**(D)** *Time to Disclose Expert Testimony*.  A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

> **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2)(D).

In <u>Eckelkamp v. Beste</u>, 315 F.3d 863 (8th Cir. 2002), the Eighth Circuit Court of Appeals held that the district court did not err in denying the plaintiffs leave to file a rebuttal expert report. The district court in <u>Eckelkamp</u> had refused to allow the plaintiffs to file a rebuttal expert report in support of their opposition to summary judgment. <u>Id.</u> at 872. The plaintiffs in <u>Eckelkamp</u> argued that they timely filed their rebuttal expert report under Rule 26(a)(2)(C). <u>Id</u>. The plaintiffs did not move for leave to file their rebuttal expert report, however, until over a month after the defendants' expert report had been produced. <u>Id.</u>

The Eighth Circuit noted that the plaintiffs could have timely moved for leave to file a rebuttal report even if they did not have all the data needed to produce one, as they knew a rebuttal report was needed. <u>Id.</u> The Eighth Circuit also noted as follows:

> Moreover, the thirty day requirement in Rule 26(a)(2)(C) only applies "in the absence of other directions from the court or stipulation by the parties." The district court's case order set its management requirements and did not provide for rebuttal experts, and the court was entitled to hold the parties to that order.

<u>Id.</u>; <u>see also</u> <u>Masler v. Marshall Fields</u>, No. 06-4917, 2007 WL 6815352, at *3 (D.Minn. 2007); <u>Sandata Technologies, Inc. v. Infocrossing, Inc.</u>, Nos. 05 Civ. 09546 and 06 Civ. 01896, 2007 WL 4157163, at *7 (S.D.N.Y. 2007).

Here, the Court finds Dr. Myerburg's expert report is untimely under the deadlines set out by the Court in its CMO. The deadlines in Rule 26(a)(2)(D) apply only "[a]bsent a stipulation or court order," and the Court had entered a comprehensive CMO in this case. The CMO stated that all of Plaintiff's experts needed to be disclosed and that all of Plaintiff's experts' reports needed to be produced by June 15, 2012. The CMO did not provide for the disclosure of rebuttal experts or

rebuttal expert reports, and neither party sought leave to amend the CMO to provide for such disclosures. The Eighth Circuit has held that the thirty-day deadline for rebuttal experts found in Rule 26(a)(2)(D) is not a default that always applies when the CMO does not explicitly provide for rebuttal experts. See Eckelkamp v. Beste, 315 F.3d at 872. Since Plaintiff did not disclose Dr. Myerburg's report until two months after the CMO required Plaintiff to provide her expert reports, the Court will grant Defendant's Motion to Strike.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Taser International, Inc.'s Motion to Strike Plaintiff's Proposed Expert Report of Robert J. Myerburg (ECF No. 37) is **GRANTED**.

Dated this 29th day of October, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE