UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ATHENA BACHTEL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:11CV69 JCH |
| ) | |
| TASER INTERNATIONAL, INC., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant TASER International, Inc.'s Motion to Exclude Warning and Design Defect Opinions of Plaintiff's Proposed Expert Douglas P. Zipes, M.D. (ECF No. 48) and Plaintiff's Motion to Exclude "Expert" Testimony of Patrick "Rick" Smith (ECF No. 51), both filed on October 15, 2012.  These motions are fully briefed and ready for disposition.

## **BACKGROUND**

On August 28, 2008, Plaintiff's decedent, Stanley Harlan, died after a police officer with the City of Moberly, Missouri, "tased" him three times with a TASER Model X26 conducted energy device.  (Complaint, ECF No. 7, ¶¶ 1, 9, 13, 16).  Plaintiff filed this action against Defendant in the Circuit Court of Randolph County, Missouri, on August 19, 2011.  Defendant removed this action to this Court on September 28, 2011, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's Complaint contains four counts: strict liability - design defect, strict liability - failure to warn, negligent design defect, and negligent failure to warn.

In support of her claims, Plaintiff seeks to introduce the expert testimony of Douglas Zipes, M.D.  If permitted, Dr. Zipes will testify as to the adequacy of the warnings, testing, and design of

the TASER Model X26.[1]  Defendant argues Dr. Zipes should not be permitted to testify as an expert on these three topics since Dr. Zipes is not qualified to offer opinions on warnings, testing, or design, and since Dr. Zipes's opinions are not based on reliable principles and methods.

In support of its defense, Defendant seeks to introduce the expert testimony of Patrick "Rick" Smith, Defendant's founder and CEO.  If permitted, Mr. Smith will testify, in part, that "[t]he X26 ECD was a state-of-the art ECD from its introduction in 2003 through introduction of the X3 ECD and the X2 ECD," "[t]he deployment and use of TASER ECDs has been shown to reduce injuries to officers and suspects over other force options," "TASER ECDs are a safer alternative than other comparable law enforcement force options, tools, or techniques," "[a]ccording to peer-reviewed literature, the TASER ECD is the safest force option available to law enforcement," and "[m]edical, scientific, and electrical studies have found that the delivered electrical charge from three (3) TASER ECD delivered discharges do not directly cause clinically significant physiological effects in humans."  (Smith Report, ECF No. 52-2, pp. 3-6).  Plaintiff argues Mr. Smith should not be permitted to testify as an expert for the following reasons: his report does not comply with Rule 26(a)(2)(B), he is unqualified to testify as an expert in the fields in which he offers opinions, his testimony is unreliable, and his opinions are irrelevant to the issues in this case.

## **DISCUSSION**

Under Eighth Circuit law, "[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court."  Anderson v. Raymond Corp., 340 F.3d 520, 523 (8th Cir. 2003) (internal quotations and citation omitted).  As a preliminary matter, "'[t]he proponent of the expert testimony must prove its admissibility by a preponderance of the evidence.'"  Sappington v.

---

[1] Dr. Zipes will also testify as to causation.  Defendant states it is not moving to exclude Dr. Zipes's medical causation opinions at this time.

Skyjack Inc., 446 F.Supp.2d 1059, 1061 (W.D. Mo. 2006) (quoting Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001)).  The starting point for analyzing expert testimony is Federal Rule of Evidence 702, which provides in relevant part as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

FED. R. EVID. 702.

Pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the seminal case regarding expert opinion testimony, "district courts are to perform a 'gatekeeping' function and insure that proffered expert testimony is both relevant and reliable."  Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997) (citations omitted), cert. denied, 523 U.S. 1004 (1998); see also Daubert, 509 U.S. at 592-93.

> Daubert provides a number of nonexclusive factors a court can apply in performing this role:  1) whether the theory or technique can be (and has been) tested; 2) whether the theory or technique has been subjected to peer review and publication; 3) the known or potential rate of error; and 4) whether the theory has been generally accepted....Daubert's progeny provides additional factors such as:  whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case.

Sappington, 446 F.Supp.2d at 1062 (quoting Lauzon, 270 F.3d at 686-87 (internal quotations and citations omitted)).

**I.      Douglas Zipes, M.D.**

Defendant argues Dr. Zipes should not be permitted to testify as an expert on the issues of warnings, testing, or design under Rule 702 since Dr. Zipes is not qualified to offer such opinions and since Dr. Zipes's opinions are not based on reliable principles and methods.  In response, Plaintiff asserts that Dr. Zipes "is one of the world's foremost authorities on electrophysiology," a subspecialty

- 3 -

of cardiology that focuses on the electrical impulses that regulate heart rhythm.  (Plaintiff's Memorandum in Opposition to Defendant's Motion to Exclude Certain Opinions of Expert Douglas P. Zipes, M.D. ("Plaintiff's Memo in Opposition"), ECF No. 60, p. 3).  Plaintiff also argues that since Defendant failed to issue any warnings "to avoid chest shots due to risk of inducing cardiac arrest from ventricular fibrillation," an expert "with technical knowledge and expertise on warnings is not required."  (Id., pp. 11-12).  Nonetheless, Plaintiff argues Dr. Zipes is qualified to render opinions on warnings, testing, and design due to "his extensive academic and professional experience, knowledge, and technical expertise on warnings, design, and pre-release testing of products, including drugs and electro-mechanical devices (EMDs) that affect the heart."  (Id., p. 12).  Since the Court finds Dr. Zipes is unqualified to testify as an expert in this case in the fields of warnings, testing, and design under Rule 702, the Court will not address Defendant's other arguments.

Under Rule 702, a witness must be qualified as an expert "by knowledge, skill, experience, training, or education."  FED. R. EVID. 702.  Dr. Zipes proposes to offer opinions on the sufficiency of the warnings, testing, and design of the TASER Model X26.  Plaintiff asserts Dr. Zipes "is one of the world's leading authorities on the potential cardiac effect of electronic control device ("ECD") current" and that Dr. Zipes "is one of the world's foremost authorities on electrophysiology, a subspecialty of cardiology that focuses on the electrical impulses that regulate heart rhythm."  (Plaintiff's Memo in Opposition, pp. 1, 3).  Accordingly, Plaintiff claims Dr. Zipes has the requisite background and expertise to offer opinions on the warnings, testing, and design of the TASER Model X26.

As indicated above, Plaintiff first argues that Defendant's failure to issue any warnings regarding the risk of cardiac arrest due to ventricular fibrillation as a result of chest shots  indicates "this is not a case involving 'questions of display, syntax, and emphasis' for which an expert with

technical knowledge and expertise on warnings may be required." (Id., p. 12). Plaintiff nonetheless argues Dr. Zipes is qualified to testify as an expert on warnings as well as product testing and design due to his experience with writing drug package inserts and safety instructions for pacemakers and defibrillators. Plaintiff also argues Dr. Zipes is an expert on testing and design based on his experience with pre-release testing of drugs and EMDs affecting the heart.

The Court finds that Dr. Zipes may not testify as an expert witness for Plaintiff at trial on the issues of warnings, testing, or design. Dr. Zipes's experience with the warnings, testing, and design of drugs and EMDs that affect heart rhythm is insufficient to establish expertise with the warnings, testing, and design of law enforcement instruments such as the TASER Model X26. The Court also rejects Plaintiff's argument that Dr. Zipes need not be an expert on warnings to opine on Defendant's alleged failure to provide any warning regarding the risk of cardiac arrest due to ventricular fibrillation as a result of chest shots, as testimony concerning the alleged inadequacy of failing to provide such a warning necessarily requires expertise in that area.

The Court will not permit Dr. Zipes to testify as an expert witness on issues of warnings, testing, or design. Therefore, the Court grants Defendant's Motion to Exclude Warning and Design Defect Opinions of Plaintiff's Proposed Expert Douglas P. Zipes, M.D.

**II.    Patrick "Rick" Smith**

Plaintiff argues Mr. Smith should not be permitted to testify as an expert for three reasons: his report does not comply with Rule 26(a)(2)(B), his proposed testimony does not meet the standards of Rule 702, and his opinions are irrelevant to the issues in this case. In response, Defendant argues Mr. Smith is not required to comply with Rule 26(a)(2)(B) since he is an employee of Defendant whose duties do not regularly include providing expert testimony, is "uniquely qualified" to offer expert testimony is this matter due to his extensive experience with TASER ECDs, and is

offering relevant opinions. Since the Court finds Mr. Smith is unqualified to testify as an expert under Rule 702 in the fields in which he offers opinions, the Court will not address Plaintiff's other arguments.

As noted above, under Rule 702, a witness must be qualified as an expert "by knowledge, skill, experience, training, or education." FED. R. EVID. 702. Mr. Smith proposes to offer opinions in the field of law enforcement training, the safety of TASER use as compared to other law enforcement options, and the effects of ECDs on the human body. Mr. Smith's curriculum vitae states he earned a bachelor of arts degree in biology and an MBA with concentrations in finance and marketing and participated in internships that involved corporate database systems development. (See Curriculum Vitae of Patrick W. Smith, ECF No. 52-3, p. 1). Mr. Smith founded TASER International in September 1993, the month after he earned his MBA. (Id.).

Defendant argues Mr. Smith "need not be an expert in general engineering, electricity or law enforcement because his substantial experience and expertise with respect to the design, use, safety, and training programs for TASER ECDs, including the X26 ECD, renders him sufficiently qualified to offer opinions about those subjects." (Memorandum of Law in Opposition to Plaintiff's Motion to Preclude Patrick Smith From Offering Expert Testimony ("Defendant's Memo in Opposition"), p. 10). Defendant notes Mr. Smith designed TASER ECDs and studied, developed, and tested them. Defendant also asserts that Mr. Smith "has been intimately involved with the marketing fo TASER ECDs, studies relative to TASER ECDs, training and warnings involving ECDs, and the development and improvements to TASER ECDs." (Id., p. 8).

The Court finds that Mr. Smith may not serve as an expert witness for Defendant at trial. The Court finds the reasoning of the District Court for the Northern District of Georgia on this exact issue to be persuasive:

>Mr. Smith certainly may offer factual testimony concerning how the TASER was developed, how it works, and why Defendant developed the TASER; however, Defendant has not shown why the Court should permit Mr. Smith to offer those opinions as an expert witness, rather than as a fact witness. Defendant also has not shown that Mr. Smith is qualified to offer expert opinions concerning scientific principles of electricity, effects of electricity on the human body, the mechanics and engineering behind the TASER devices, and the safety of the device. The Court therefore will not permit Mr. Smith to offer expert testimony concerning those matters at trial.
>
>In sum, the Court will permit Mr. Smith to testify at trial as a fact witness concerning the development of the TASER and the manner in which the TASER works. Mr. Smith, however, may not testify as an expert witness concerning those matters. Further, Mr. Smith may not offer expert testimony concerning scientific principles of electricity, effects of electricity on the human body, the mechanics and engineering behind the TASER devices, and the safety of the device.

Wilson v. Taser Intern., Inc., No. 4:06CV179, 2007 WL 4794112, at *6-7 (N.D. Ga. Aug. 29, 2007).

Thus, the Court will permit Mr. Smith to testify as a fact witness at trial "concerning the development of the TASER and the manner in which the TASER works." See id. at *7. The Court will not permit Mr. Smith to testify as an expert witness on those same topics, and the Court will not permit Mr. Smith to testify as an expert witness "concerning scientific principles of electricity, effects of electricity on the human body, the mechanics and engineering behind the TASER devices, and the safety of the device." See id. Therefore, the Court grants Plaintiff's Motion to Exclude "Expert" Testimony of Patrick "Rick" Smith.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant TASER International, Inc.'s Motion to Exclude Warning and Design Defect Opinions of Plaintiff's Proposed Expert Douglas P. Zipes, M.D. (ECF No. 48) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude "Expert" Testimony of Patrick "Rick" Smith (ECF No. 51) is **GRANTED**.

Dated this 5th day of December, 2012.

                                                        /s/Jean C. Hamilton
                                                        UNITED STATES DISTRICT JUDGE