UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ATHENA BACHTEL, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | )   Case No. 2:11CV69 JCH |
| | ) |
| TASER INTERNATIONAL, INC., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Bill of Costs, filed on February 15, 2013. (ECF 78). This motion is fully briefed and ready for disposition.

## BACKGROUND

On January 28, 2013, this Court granted summary judgment in favor of Defendant. (ECF Nos. 76, 77). On February 15, 2013, Defendant filed this Motion for Bill of Costs seeking $16,295.20[1] in costs. (ECF Nos. 78, 84). Plaintiff has objected to 1) deposition-related costs for witnesses whose testimony was not cited in Defendant's Motion for Summary Judgment, 2) an allegedly duplicative charge related to the videotaped deposition of Russell Tarr, and 3) non-itemized copying costs.

---

[1] Defendant originally sought $17,795.20 in costs but withdrew its request for mediation costs of $1,500.00. (See Taser International, Inc.'s Memorandum of Law in Opposition to Plaintiff's Application for Review of the Bill of Costs, ECF No. 84, p. 7). Accordingly, Defendant is now seeking total costs of $16,295.20.

**DISCUSSION**

Costs other than attorney's fees "should be allowed to the prevailing party." FED. R. CIV. P. 54(d); see also 28 U.S.C. § 1920 (enumerating costs that are recoverable).[2] "Federal courts are bound by the limitations set out in section 1920." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted). Although there is a presumption that the prevailing party is entitled to its costs, the district court has "substantial discretion" in awarding costs. Marmo v. Tyson Fresh Meats, 457 F.3d 748, 762 (8th Cir. 2006) (citing Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000)); Bathke v. Casey's Gen. Stores, 64 F.3d 340, 347 (8th Cir. 1995) (appellate court reviews district court award for "abuse of discretion"). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" 168th & Dodge, LP, 501 F.3d at 958 (quoting Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005)).

Upon consideration, the Court will grant Defendant's Motion for Costs. As noted above, Plaintiff objects to deposition-related costs associated with witnesses whose testimony was not cited in Defendant's Motion for Summary Judgment. In order for the costs of depositions to be awarded to a party who prevails on summary judgment, the depositions do not have to be used in deciding

---

[2]28 U.S.C. § 1920 provides as follows:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

the summary judgment motion, as § 1920 requires only that the costs be reasonably necessary for use in the case at the time the expenses were incurred. In re Williams Securities Litigation--WCG Subclass, 558 F.3d 1144, 1149 (10th Cir. 2009). The Court finds that the deposition-related costs associated with the witnesses mentioned by Plaintiff were reasonably necessary for use in this case.

The Court also finds there are no duplicative charges related to the deposition of Chief Russell Tarr. The charge of $265.50 for "Copy Video Deposition of Russell Tarr, 118 pages @ $2.25 per page" (Motion for Bill of Costs, ECF No. 78, p. 12) clearly denotes a charge for a transcript of Chief Tarr's deposition, while the charge of $5,267.00 for "Videotaped depositions of Russell Tarr, Troy Link, Carmen Newbrough, Jeremy Baird, Jared Dotson, Gary Breyfogle, Kenneth Bachtel, Eathan Harlan and Adam Swon, Digital Videotaping of the above listed parties, including attendance - DVD, Copies of all depositions - DVD" (id., p. 13) clearly denotes a charge for conducting the videotaping of Chief Tarr's deposition and providing a DVD recording of the deposition.

Finally, copy and exemplification fees may be awarded if the fees were incurred for items "necessarily obtained" for use in the case. 28 U.S.C. § 1920(4). Plaintiff's sole objection to Defendant's copying costs is that they are not itemized. Itemization of copying costs is unnecessary if they are reasonable and consistent with the progress of the case before the Court. See Schmid v. Frosch, 609 F.Supp. 490, 493 (D.C.D.C. 1985); Fed. Sav. & Loan Ins. Corp. v. Szarabajka, 330 F.Supp. 1202, 1211 (D.C. Ill. 1971). Under the circumstances of this case, the Court finds copying expenses of $1,771.88 are reasonable.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Costs (ECF No. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that costs are taxed against Plaintiff and in favor of Defendant in the amount of $16,295.20.

Dated this 17th day of June, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE